IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patrick C. Henry, III,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Prospera Financial Services, Inc.; Pyle Financial Services, Inc.; Pyle Holdings, LLC; Pyle Wealth Management, Inc.; and Equity Trust Company as Custodian of the Ronald Scott Pyle IRA,<br><br>　　　　Defendants. | Case No. 4:24-cv-01537-JD<br><br>**ORDER AND OPINION** |

Before the Court are several motions to dismiss by Defendants Prospera Financial Services, Inc. ("Prospera"); Pyle Financial Services, Inc.; Pyle Holdings, LLC; Pyle Wealth Management, Inc. (collectively "Pyle Defendants"); and Equity Trust Company as Custodian of the Ronald Scott Pyle IRA ("Equity Trust") (collectively, "Defendants"). Prospera moves the Court to dismiss Plaintiff Patrick C. Henry, III's ("Henry" or "Plaintiff") complaint under Rules 12(b)(1), 12(b)(6), and Rule 23.1, Fed. R. Civ. P. (DE 9.) Pyle Defendants move to dismiss Henry's complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. (DE 10.) Equity Trust also moves to dismiss Henry's complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. (DE 13.) Because Henry is proceeding pro se,[1] the Magistrate Judge advised him under *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a

---

[1]　Henry's counsel moved to be relieved (DE 12), and the Court granted the motion (DE 15).

failure to respond to Defendants' motions could result in the motions being granted and his claims being dismissed. (DE 21.)

Henry has not responded to Defendants' motions to dismiss. For the reasons below, the Court grants Defendants' motions to dismiss (DE 9, 10, 13).

## BACKGROUND

These facts are taken from Henry's Complaint. Henry is the majority member of Auto Mag Ltd. Co., having established Auto Mag Ltd. Co. in 2015 as the Founding Member. (DE 1-1, ¶ 2.) Henry is the responsible party under the Federal Firearms License issued to Auto Mag Ltd. Co ("FFL"). (*Id.*) Prospera provides investment advice to their clients. (*Id.* ¶ 15.) Prospera's Customer Relationship Summary, dated September 30, 2023, states that Prospera has to act in its client's best interests and not put its interests ahead of its client's. (*Id.* ¶ 16.) Being a registered investment adviser means Prospera is registered, or is required to be registered, under Section 203 of The Investment Adviser Act of 1940 ("Act") and must establish, maintain, and enforce a written code of ethics. (*Id.* ¶ 17.) The Reporting requirements under Part 275.204A-1 of the Rules and Regulations of the Act provide that each supervised person must submit a report of the supervised person's current securities holdings, within 45 days of any securities transaction. (*Id.* ¶ 18.)

As an investment adviser, Prospera supervises and manages a network of registered representatives licensed by the SEC to transact securities and advisory business and authorized to act as representatives of Prospera. On information and belief, one of these registered representatives representing Prospera is Ronald Scott

Pyle (referred to herein as "Pyle"). Under the Act, Pyle is a supervised person, which imposes on Prospera an affirmative duty to supervise Pyle's business conduct and imposes an affirmative duty on Pyle to abide by the Rules and Regulations of the Act, including Part 275.204A-1. (*Id.* ¶ 19.)

Henry asserts that Pyle's investment adviser representative relationship to Prospera is defined under an Independent Contractor Agreement, dated December 17, 2013, between Scott Pyle as Contractor and Prospera as Company ("ICA"). The ICA generally imposes a duty on Pyle to abide by all applicable federal laws, including those mandated by the Act. Henry alleges that the existence of the ICA and the terms in it evidence a special relationship between Prospera and Pyle. (*Id.* ¶ 20.)

The Complaint further alleges that Equity Trust is the custodian of an individual retirement account, of which Pyle is the beneficial owner. Membership interests in Auto Mag Ltd. Co. are owned by Equity Trust Company as Custodian for the Ronald Scott Pyle IRA. (*Id.* ¶ 22.) Pyle also asserted that he is the Chairman of Auto Mag Ltd. Co. and appointed himself Chairman without any relevant experience or special skill in leading a manufacturing company or with any special skill or knowledge of firearms and without the applicable licenses required pursuant to federal law. (*Id.* ¶ 24.) It is alleged that Pyle voluntarily assumed the Chairmanship and owed a fiduciary duty to Auto Mag Ltd. Co. members in exercising authority under his self-appointed Chairmanship. This fiduciary duty extended to Patrick C. Henry, III, Auto Mag Ltd. Co.'s majority member. (*Id.* ¶ 25.)

Henry alleges that Pyle exercised business judgment and control over Auto Mag Ltd. Co. while Equity Trust Company as Custodian for Ronald Scott Pyle IRA owned membership interests in Auto Mag Ltd. Co. One such example of Pyle's exercise of business judgment and control over Auto Mag Ltd. Co. includes Pyle initiating a capital raise from existing members of Auto Mag Ltd. Co. of around $1,320,000.00, ("Capital Raise") and then, unilaterally and without the consent of a super-majority of the members of Auto Mag Ltd. Co., diverting the funds received from the Capital Raise to a bank account over which Pyle exercised complete control; converting the Capital Raise to a loan to Auto Mag Ltd. Co., secured by the tangible and intangible assets of Auto Mag Ltd. Co.; and subsequently disbursing the Capital Raise at his direction and control without any accountability to the members of Auto Mag Ltd. Co. (*Id.* ¶¶ 26-27.)

The Capital Raise was a private placement as that term is defined under applicable state and federal securities laws. In addition, the Capital Raise constituted the offer, sale, or purchase of a security and in connection with it, Pyle made an untrue statement of fact or omitted to state a material fact where he solicited the Capital Call as an equity investment and then, converted the funds committed by the investors to a loan secured by the tangible and intangible property of Auto Mag Ltd. Co. and spent the funds from the Capital Call under his own judgment and discretion. (*Id.* ¶ 29.)

The Complaint asserts that neither (i) Pyle's beneficial ownership of membership interests in Auto Mag Ltd. Co., (ii) Pyle's Chairmanship nor (iii) Pyle's

4

decision to execute the Capital Raise was disclosed to Prospera nor was it reported on the Pyle BrokerCheck. Furthermore, some or all of Pyle's activities as Chairman and work on the Capital Raise were conducted at 4605 Oleander Drive – Suite 300, Myrtle Beach, Horry County, South Carolina. (*Id.* ¶¶ 30-31.) But the Complaint asserts that Prospera had an affirmative duty imposed by statute and common law to supervise Pyle in the conduct of his securities business and make sure Pyle reported and Prospera reviewed Pyle's personal securities transactions and holdings periodically. (*Id.* ¶ 32.) And the Complaint asserts that Prospera has a separate affirmative statutory and common law duty to ensure Pyle did not structure private placements at 4605 Oleander Drive – Suite 300 Myrtle Beach Horry County, South Carolina. (*Id.* ¶ 33.)

Henry claims that Prospera knew of the existence of Pyle's conduct and that under Sections VIII. l., VIII. o., and Section XII of the ICA, without the authorization of Prospera, Pyle is prohibited from conducting these functions: A. Structuring private placements. B. Selling or soliciting the sale of any product which might be deemed to be a security. C. Offering and selling securities not approved in advance by Prospera. (*Id.* ¶¶ 34-35.)

Henry also alleges that Pyle voluntarily assumed the Chairmanship and undertook the offer, sale, and purchase of securities issued by Auto Mag Ltd. Co., both directly and indirectly. As such, Pyle assumed a duty to use due care. (*Id.* ¶ 37.) Henry alleges that Pyle took some or all of the actions described above by and through one or more of the defendant entities Pyle Financial Services, Inc., Pyle

5

Holdings, LLC, Pyle Wealth Management, Inc., and Equity Trust Company as Custodian of the Ronald Scott Pyle IRA, utilizing them as shell companies or alter-egos to conceal his ownership, cover his actions and shield him from potential personal liability. (*Id.* ¶ 38.) Henry also contends that Pyle acted on his own initiative but was subject to Prospera's supervision and control. (*Id.* ¶ 40.)

To that end, Henry's lawsuit alleges eight causes of action against Defendants: (1) aiding and abetting a breach of fiduciary duty; (2) negligence; (3) accounting; (4) gross negligence; (5) dissociation of defendant Equity Trust Company; (6) conversion; (7) violation of the unfair trade practices act; and (8) negligent supervision.

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id.* To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Defendants contend Henry's Complaint should be dismissed because 1) he failed to actually complete or plead completion of the procedural prerequisites for derivative claims imposed by S.C. Code Sections 33-44-1101 and -1103 and Rule 23.1, [Fed. R. Civ. P.]" and 2) the Complaint fails to state a claim against Defendants. (See DE 9, pp. 2-3; DE 10, p. 5; DE 13, pp. 3-4); citing *Wilson v. Gandis*, 430 S.C. 282, 844 S.E.2d 631 (2020); *Hite v. Thomas & Howard Co.*, 305 S.C. 358, 409 S.E.2d 340 (1991), *overruled on other grounds by Huntley v. Young*, 319 S.C. 559, 462 S.E.2d 860 (1995); *Brown v. Stewart*, 348 S.C. 33, 557 S.E.2d 676 (Ct. App. 2001). As for Defendants' directive claim defense, Defendants correctly assert that "[a] shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation. A shareholder's suit is derivative if the gravamen of his complaint is an

7

injury to the corporation and not to the individual interest of the shareholder." *Wilson v. Gandis*, 430 S.C. 282, 311, 844 S.E.2d 631, 647 (2020).

Henry's claims against Defendants are derivative because the gravamen of his allegations are injuries to Auto Mag Ltd. Co. Henry has articulated no facts to support a loss separate and distinct from Auto Mag Ltd. Co. That Henry may have suffered a financial loss individually because he is the majority member of Auto Mag Ltd. Co., and because he established Auto Mag Ltd. Co., in 2015 as the Founding Member does not alter the fact that this is an action to remedy a loss to the corporation. Since Henry does not refute this argument, his claims must be dismissed against Defendants.[2]

## CONCLUSION

For these reasons, the Court grants Defendants' motions to dismiss (DE 9, 10, 13) Plaintiff's Complaint.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

October 1, 2024
Florence, South Carolina

---

[2] Given the Court's ruling, the Court declines to reach the other grounds raised by Defendants in support of their individual motions to dismiss.